# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

DANIEL EDWARD LANE, and
GINA MICHELLE LANE,

                Plaintiffs,

v.                                CIVIL ACTION NO. 3:19-0471

UNITED STATES OF AMERICA,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court are two motions filed by Defendant United States of America: a Motion to Dismiss Plaintiffs' Demand for a Jury Trial, ECF No. 5, and a Motion to Dismiss Plaintiffs' Claims for Prejudgment Interest and Attorney's Fees, ECF No. 7. For the reasons outlined herein, the Court **DENIES AS MOOT** the United States' Motion to Dismiss Plaintiffs' Demand for a Jury Trial, and **GRANTS** its Motion to Dismiss Plaintiffs' Claims for Prejudgment Interest and Attorney's Fees.

## I. BACKGROUND

This action stems from an alleged instance of medical malpractice that occurred at the Department of Veterans Affairs Medical Center ("VA Medical Center") in Huntington, West Virginia. *Compl.*, ECF No. 1, at ¶ 9–26. Plaintiffs Daniel Edward Lane ("Mr. Lane") and Gina Michele Lane ("Mrs. Lane") contend they presented to the Emergency Department of the VA Medical Center on April 30, 2018, where Mr. Lane complained of severe chest pain. *Id.* at ¶ 10–12. Plaintiffs allege that Mr. Lane was misdiagnosed with "gastro esophageal reflux disease" and

that the VA doctors "had specifically ruled out any type of coronary issue." *Id.* at ¶ 15. Mr. Lane was later "diagnosed as having a myocardial infarction." *Id.* at ¶ 17.

Invoking this Court's federal question jurisdiction, Plaintiffs' instituted their lawsuit against the United States in this Court on June 21, 2019. *See generally id.* On the Civil Cover Sheet accompanying their Complaint, Plaintiffs indicated a demand for a jury trial; however, they neglected to do so in the body of their Complaint. *Civ. Cover Sheet*, ECF No. 1-1. Plaintiffs assert straightforward negligence and loss of consortium claims against the United States, and their prayer for relief includes claims for prejudgment interest and attorney's fees. *Id.* at 4–7. On August 29, 2019, the United States filed its instant motions to dismiss. Plaintiffs did not submit a response to either motion pursuant to Local Rule 7.1(c), but the issues before the Court are nonetheless well-briefed and ripe for review.

## II. DISCUSSION

Plaintiffs' claims are based on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* The FTCA "creates a limited waiver of the United States' sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006). As a waiver of sovereign immunity, the FTCA is strictly construed in favor of the United States. *See Lane v. Peña*, 518 U.S. 187, 192 (1996).

a. **Motion to Dismiss Plaintiffs' Demand for a Jury Trial**

In its first motion, the United States asks the Court to "strike the plaintiffs' demand for a jury trial" pursuant to 28 U.S.C § 2402. *Mot. to Dismiss Pl.'s Demand for Jury Trial*, at 1. At the outset, it is worth noting that the United States is correct that a jury trial is unavailable here. A

plaintiff in an FTCA action simply "cannot opt for a jury," *Carlson v. Green*, 446 U.S. 14, 22 (1980), inasmuch as "[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government," *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Of course, even this amount of analysis is unnecessary where, as here, Plaintiff has neglected to demand a jury trial. The United States points out that the Civil Cover Sheet attached to Plaintiffs' Complaint includes a "Yes/No" jury demand checkbox field, preceded by the admonition to "CHECK YES only if demanded in complaint." *See Civ. Cover Sheet*. While Plaintiffs did place a checkmark in the "Yes" box of the cover sheet, their Complaint itself contains no jury demand. Indicating a demand for a jury trial by checking a box on a cover sheet "is not a substitute for the service of written notice of [such a demand] within the meaning of Rule 38(b)" of the Federal Rules of Civil Procedure. *DeWeitt v. Hutchins*, 309 F. Supp. 2d 743, 754 (M.D.N.C. 2004) (concluding that plaintiffs "waived their right to a jury trial" when they failed to include a demand for a jury trial in their complaint but checked "yes" on a civil cover sheet). Accordingly, the United States' motion will be denied as moot.

### b. Motion to Dismiss Plaintiffs' Claims for Prejudgment Interest and Attorney's Fees

In its second motion, the United States moves the Court "to enter an order dismissing any claims for prejudgment interest and attorney's fees" pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] *Mot. to Dismiss Pl.'s Claims for Prejudgment Interest and Attorney's Fees*, at 1. While a motion filed pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction, *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982), a motion filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] The United States also seeks summary judgment on this issue pursuant to Rule 56 of the Federal Rules of Civil Procedure, but the Court need not reach that argument here.

555 (2007). Given the jurisdictional basis of the arguments the United States has advanced, the Court will consider its motion under Rule 12(b)(1).

To begin, the FTCA expressly prohibits the recovery of prejudgment interest in actions against the United States. 28 U.S.C. § 2674 (providing that the United States "shall not be liable for interest prior to judgment or punitive damages"). Plaintiffs point to no authority—nor can they—suggesting that this case represents an exception to this broad statutory prohibition. As the Court has no subject matter jurisdiction to award prejudgment interest, the United States' motion to dismiss such claims for relief must be granted. Moreover, the FTCA does not contain any authorization for the award of attorney's fees. As the FTCA is strictly construed in favor of the Government, a court may not award attorney's fees against the United States under the FTCA. *Cecil v. United States*, No. 2:09-0791, 2010 WL 3945537, at *1 (S.D.W. Va. Oct. 7, 2010) (citing *Gaddis v. United States*, 381 F.3d 444, 464 (5th Cir. 2004)). Once again, the Court finds itself without subject matter jurisdiction and must dismiss Plaintiffs' claims for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** the United States' Motion to Dismiss Plaintiffs' Demand for a Jury Trial, ECF No. 5, and **GRANTS** its Motion to Dismiss Plaintiffs' Claims for Prejudgment Interest and Attorney's Fees, ECF No. 7.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: October 1, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE